**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RAYMOND GRAVELY, | : | |
| Appellant | : | No. 1762 WDA 2017 |

Appeal from the PCRA Order October 30, 2017
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0003249-2012

BEFORE:   BOWES, STABILE, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 2, 2018**

Raymond Gravely (Appellant) appeals *pro se* from the October 30, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we dismiss this appeal.

On November 7, 2013, Appellant was convicted by a jury of unlawful contact or communication with a minor, dissemination of sexually explicit material to a minor, corruption of a minor, criminal solicitation to commit involuntary deviate sexual intercourse (IDSI) with a child, and indecent assault.[1]  On February 25, 2014, Appellant was sentenced to a mandatory term of 25 to 50 years' incarceration.

_____

[1] The jury was deadlocked on one count of indecent exposure.

*Retired Senior Judge assigned to the Superior Court.

Appellant filed post-sentence motions and, following the denial of those motions, timely filed a direct appeal to this Court. On February 24, 2015, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Gravely*, 120 A.3d 391 (Pa. Super. 2015) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which was denied by our Supreme Court on July 30, 2015. *Commonwealth v. Gravely*, 121 A.3d 494 (Pa. 2015).

On July 11, 2016, Appellant *pro se* filed a timely PCRA petition, and counsel was appointed. In lieu of an amended PCRA petition, counsel filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 3, 2017, the PCRA court filed notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. Appellant did not respond, and on October 30, 2017, the PCRA court dismissed Appellant's petition and granted counsel's request to withdraw. Appellant, now proceeding *pro se*, timely filed a notice of appeal.[2]

Before we consider the merits of Appellant's appeal, we recognize that "[a]s a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead, the PCRA court directed this Court to consider its opinion issued along with its Rule 907 notice in lieu of a Pa.R.A.P. 1925(a) opinion.

benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (internal citations omitted). Our rules provide that "[b]riefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit[.]" Pa.R.A.P. 2101.

Here, we find that the defects in Appellant's brief are substantial and in violation of our rules of appellate procedure. Specifically, Appellant has failed to include, *inter alia*, a: (1) statement of jurisdiction; (2) statement of both the scope and standard of review; (3) statement of the case; and (4) summary of the argument, all in violation to Pa.R.A.P. 2111. Significantly, Appellant's brief does not contain either a statement of questions involved which states "concisely the issues to be resolved" or an argument section that is "divided into as many parts as there are questions to be argued." Pa.R.A.P. 2116, 2119. We find that these deficiencies require the dismissal of this appeal. ***See*** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be … dismissed.").

Moreover, even if Appellant's brief were compliant with the rules, he would not prevail on appeal. This Court's review of Appellant's case is substantially impeded by his failure to develop fully arguments on the issues

he has presented. "It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived." *Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009).

Here, Appellant has cited only one case throughout his four-page argument wherein he raises at least three issues. He has failed to include the applicable law and standard by which we review these claims, thus failing to apply those standards to convince this Court that his issues entitle him to relief. Therefore, in the alternative, we find his claims waived. *See Commonwealth v. Walter*, 966 A.2d 560, 566 (Pa. 2009) (finding claims waived "for failure to develop them in any meaningful fashion capable of review").[3]

---

[3] Moreover, Appellant's first two issues are essentially challenges to the sufficiency of the evidence and the trial court's decision to permit prior bad acts evidence at trial. Not only are these claims not cognizable under the PCRA because they could have been raised during earlier appellate proceedings, Appellant's latter claim was previously litigated on direct appeal. *See* 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, [or] on appeal..."); 42 Pa.C.S. § 9544(a)(3) (An issue is previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence."). *See also Gravely*, 120 A.3d 391.

Accordingly, even if Appellant's brief conformed to the rules, we would conclude that he has waived his issues on appeal for failure to develop arguments. *See **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017) ("It is well-established that [w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.").

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2018